BLAIKIE v. POST.

(Supreme Court, Appellate Division, First Department.   April 8, 1910.)

1. ATTORNEY AND CLIENT (§ 143*)—COMPENSATION OF ATTORNEY—CONTRACT THEREFOR.

Without proof that the agreement was fair, that the client acted understandingly with a full knowledge of all the material circumstances known to the attorney, that it was free from fraud of the attorney or misconception of the client, and that a proper use was made by the attorney of the confidence reposed in him, no recovery can be had on a contract to pay an attorney a certain amount for his services, instead of a contingent fee agreed on, in a pending suit thereafter decided adversely to his client.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 328–331; Dec. Dig. § 143.*]

2. EVIDENCE (§ 596*)—SUFFICIENCY TO SUPPORT VERDICT.

A jury cannot speculate on probabilities, or find a fact without evidence to support it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2446–2448; Dec. Dig. § 596.*]

3. ATTORNEY AND CLIENT (§ 143*)—COMPENSATION OF ATTORNEY—CONTRACT THEREFOR.

A contract to pay an attorney a substantial amount for services already performed, pursuant to an agreement for a contingent fee under which he would receive nothing, is without consideration.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 143.*]

Appeal from Trial Term, New York County.

Action by Rebecca S. Blaikie, administrator of William Blaikie, deceased, against Franklin Post, for legal services rendered by plaintiff's intestate.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

See, also, 120 N. Y. Supp. 1114.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Thomas R. Martin, for appellant.
George B. Hayes, for respondent.

MILLER, J.   On the 1st day of February, 1901, the plaintiff's intestate, William Blaikie, was employed by the defendant to bring and prosecute a suit to set aside a mortgage held by Charles P. and W. W. Buckley on 220 acres of land in Linden, N. J., owned by the defendant. On that day he gave the defendant a receipt for $100 for disbursements, and in it stated that his compensation was to be 25 per cent. of the amount recovered.   A suit was brought in the United States Circuit Court for the Southern District of New York, which was decided adversely to the plaintiff in that suit, on the 22d day of July, 1904.   On the 15th day of July, 1904, Blaikie procured the defendant to write him a letter, stating that he should receive, as full compensation for legal services in the Buckley controversy, 10 per cent. of the amount the defendant should net from the sale of his Linden 220 acres, after paying mortgages thereon and advances made to him by different persons named.   It was also stated that that agreement was

to take the place and be in lieu of all other agreements.  On the 21st day of July, 1904, Blaikie wrote the defendant a letter in which he stated:

"It is plain that the Buckleys see, as any intelligent man cannot help seeing, by reading the evidence, that the United States court had no jurisdiction of this cause while on the merits of (sic) the preponderance is (sic) proof is decidedly their way, rather than yours. * * * In this situation, unless the appeal is allowed, you had better take the best terms you can get from them."

The Buckley mortgage was foreclosed, and after various adjournments the Linden property was, on the 3d day of May, 1905, sold at foreclosure sale and bid in by the Buckleys for $25,000.  Evidently some arrangement was made whereby the defendant was to retain his equity; for on the 6th day of July, 1905, the defendant and his wife, Lena Post, entered into a contract to sell the property to one Robinson for the nominal consideration of $203,000, and on the 27th day of September, 1905, they executed a deed to Robinson, pursuant to that contract.  This action was brought on the contract of July 15, 1904, to recover 10 per cent. of the amount which the defendant realized net from said sale.

Although the evidence plainly shows that the defendant realized the sum of only $12,538.54, the judgment is for $8,878.54 and interest. It is unnecessary to go into details concerning the excessiveness of the verdict, for the reason that, upon this record, there is a fundamental difficulty in the way of a recovery.  There is no evidence to show the circumstances under which the contract of July 15, 1904, was obtained, or what occurred between the parties to it.  The learned trial justice charged the jury that the plaintiff could not recover without proof—

"that the agreement was fair, that the client acted freely and understandingly, that the client who executed the instrument fully understood its purport, and that it was made by him with full knowledge of all the material circumstances known to the attorney, and was in every respect free from fraud on the part of the attorney or misconception on the part of the client, and that a proper use was made by the attorney of the confidence reposed in him."

That charge was undoubtedly correct.  It is unnecessary to cite authority in support of it, because at all events it is the law of this case on this appeal.  Although thus charging the jury, the learned court permitted them to say whether it was probable that Blaikie told the defendant all of the facts and that the contract was fairly entered into. Of course, a jury cannot speculate upon probabilities, or find a fact without evidence to support it.  At the time of the trial, the defendant was an old man, 77 years of age.  The record shows that Blaikie had brought a suit to set aside a mortgage in a court having no jurisdiction of the subject-matter, under an agreement pursuant to which he was to have 25 per cent. of the recovery; that more than three years thereafter, just before a decision was to be rendered, which he knew must be adverse, even if he had not discovered it before commencing the suit, and after all of his services had been rendered, he procured a contract from his client that, instead of receiving 25 per cent. of what he might recover in the action, thus improvidently brought, he should

have 10 per cent. of all the defendant might realize from the sale of the property. If the defendant was in the possession of his senses, it is not only probable, but certain, that the attorney did not communicate to him the fact that he was bound to lose the suit because the court did not have jurisdiction.

Moreover, so far as this record discloses, there was no consideration for the contract in suit. It does not appear that Blaikie rendered any service after it was made. He gave up a contract, under which the services had already been performed and pursuant to which he was to receive nothing, for a contract pursuant to which he was to receive a substantial sum.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.